McCOOK COUNTY, Appellant, v. BURSTAD et al., Respondents

(138 N. W. 303.)

**1.  Costs—Malicious Prosecution—Liability of Complainant.**

Under Justices Code, Sec. 117, concerning giving of an undertaking for costs in a criminal prosecution, and Code Crim. Proc., Sec. 145, concerning the taxation of costs against complaining witness if prosecution was malicious, etc., held, that no recovery of costs and expenses of a prosecution for rape in which the accused was secured by requisition from another state could be had against the complainant, though by his consent the affair was settled by marriage of his daughter to accused; there being no showing that the charge was malicious or without probable cause.

**2.  Contract to Pay Costs of Criminal Prosecution—Consideration— Performance of Official Duty.**

Complaining witness could not be charged on a contract given by him to pay such costs if accused was brought back for trial and marriage between him and complainant's daughter took place; it being the duty of state's attorney to have procured the requisition and the return of accused without requiring such undertaking; such contract was without consideration.

(Opinion filed October, 25, 1912.)

Appeal from Circuit Court, McCook County.  Hon. JOSEPH W. JONES, Judge.

Action by McCook County against Ed. J. Burstad and another, to recover upon an undertaking by defendants to pay costs and expenses of a requisition in bringing accused back from another state for trial.  From a judgment sustaining a demurrer to the complaint, plaintiff appeals.  Affirmed.

E. H. Wilson, for Appellant.

A consideration is a sufficient one if it is a benefit to the party promising or a loss or detriment to the party to whom the promise is made.  9 Cyc. p. 311.

Section 1115 of the Civil Code provides an obligation arises either from:

1. The contract of the parties; or

2. The operation of law.

While section 1271 of the same code provides, "That is not lawful which is:

1. Contrary to an express provision of law.

2. Contrary to the policy of express law though not expressly prohibited; or

3. Otherwise contrary to good morals.

Under the foregoing statute the first thought that would appeal to a person in regard to the contract set forth in the complaint "Is there any benefit to the party promising or a loss or deteriment to the party to whom the promise is made." Second, is the contract "Contrary to the policy of express law though not expressly prohibited." It seems to be the law, let the consideration be ever so slight of the most onerous contract is a sufficient consideration or the loss or detriment ever so slight.

What consideration was there to the defendant entering into this contract or what loss or detriment did the county sustain? The feelings of the parents were outraged by the acts of criminal defendant, it was their desire that he be brought within the jurisdiction of the court. It was a matter of great consideration to them that a marriage might be solemnized between their daughter and the defendant, Schmidt, in order that the child might be legitimatized which child resulted from the crime charged in the information. The detriment which the plaintiff sustains together with the people was the amount of money paid out of the public treasury of the county for the return of the defendant, Schmidt, the rights of the people so far as good government was concerned the punishment of offenders for crimes as an example to prevent others from committing a like offense have been thwarted by the acts of the defendants in this action in intercepting the prosecution by consenting and allowing their minor daughter to become the wife of the defendant, Schmidt. Without the consent on the part of the defendants the prosecution would have undoubtedly been successful, society would have benefited to the extent at least of the effect of the prosecution upon this defendant as an example to all others who might violate the law. Yet by reason of the very acts of the defendants themselves, knowing that the prosecution would be intercepted by the marriage of their daughter with the defendant, Schmidt, in the criminal case,

yet they did consent to the marriage knowing there were no other witnesses by which the prosecution might proceed.

If this contract is an unlawful contract, it becomes such under the last clause of the second subdivision of section 1271 of the Civil Code, "Though not expressly prohibited." I am unable to find anything in the statutes that would make this contract an unlawful one, except it should be construed as contrary to the policy of express law though not expressly prohibited. It does not appear to be against or contrary to the policy of express law regarding the taxation of costs against the defendant in a criminal action. Sections 832, 145, of the Penal Code; 61 L. R. A. 489 (Neb.); Section 117 of the Justice Code.

It would seem to be rather the express policy of the law in this state that parties who institute criminal proceedings where the same is in any manner tainted with sinsister motives or where the prosecution is intercepted that the people should be saved harmless of costs and expenses. Taking the whole case in view, can it be said that this contract is contrary to the policy of express law though not expressly prohibited. This contract that the defendants were required to enter into was for the benefit of the people.

The complaint charges among other things that the minor child was in the charge and under the control of these defendants. That they knew and were informed that the prosecution would be dismissed for lack of proof if the daughter married the defendant, Schmidt. They were likewise informed by the states attorney at the time of the signing of the information that it would result in a marriage and the action would be compelled to be dismissed.

It is elementary "That an illegal agreement would not be enforced and hence is not a contract according to the definitions of a contract." Illegality may be found in the matter of consideration or of the promise as expressed in the agreement or it may be found in the purpose of the agreement although the agreement may be legal in expression. 9 Cyc. 465. An agreement in violation of positive law are those which are expressly or impliedly prohibited either

1. By some rule of the common law, or

2. By some express statutory provision.

We have no express statutory provision which this contract runs counter.

At common law the contract is not illegal unless the act is a civil wrong, is prohibited by statute or contrary to public policy. Fuller v. Rice, 18 N. W. Rep. 204. If this contract is void as against public policy, it necessarily becomes so by reason of interference with the course of justice. We understand an agreement calculated to impede the regular administration of justice is void as against public policy without reference to the question whether improper means are contemplated or employed in their execution.

Upon this matter see 9 Cyc. 405. It is said all agreements relating to proceedings in court, civil or criminal, which may involve anything inconsistent with the impartial course of justice are void, although they may not be open to the charge of actual corruption and regardless of the good faith of the parties or of the fact that no evil resulted therefrom. Brown v. Bank, L. A. R. 206. In the case at bar nothing of this kind was attempted, simply a requirement that the defendant as a matter of good faith and as a protection of the people against any act of these defendants by which the prosecution might be impeded were required to furnish security for costs. Contracts of indemnity or guaranty are not against public policy where the act contemplated is not illegal. Knight v. Swain, 6 Maine, 361; New York Fidelity Company v. Eickhoff, 65 N. W. 361; Coats v. Bonnell, 94 N. Y. 168; Stark v. Raney, 18 Cal. 623.

*Krause & Krause,* for Respondents.

1. It appears from the complaint that there is no consideration for the alleged contract set out in the complaint.

2. That such contract is against public policy, and therefore void and unenforceable.

3. That the complaint fails to show that the plaintiff sustained any pecuniary damages by reason of the alleged offensive acts of these defendants.

Promising to do or doing that, in consideration of the undertaking sued on, which the plaintiff through its proper officials is by law required to do, furnishes no consideration for the undertaking of the defendants; especially when obtained under the circumstances alleged in the complaint.

It appears from the complaint that the magistrate had duly issued a warrant for the arrest of the fugitive from justice who had left the state (Abstract fol. 5); and it was the state's attorney's duty to act in the matter; and when he acted the statutes make it the imperative duty of the plaintiff (the county) to pay the costs and expenses of the extradition. Crim. Proc., Secs. 627 and 628.

The object of the said statute appears to be to positively prohibit the sovereign power or any of its officers or agents from claiming or receiving such expenses, except as provided by the preceding section; so that there can be no possible foundation for the plaintiff's claim set out in the complaint.

9 Cyc. pp. 347-348 and 9, and cases there cited, to the point that there is no valid consideration for the contract sued on.

"In absence of statute the prosecutor cannot be required to give security for costs" in such case. 11 Cyc. 287, and cases cited. Also same vol. p. 270-1.

No such statute exists in this jurisdiction.

It is universally held that such contracts are against public policy as tending to delay and often thwart justice, owing to the inducement to the officers of the law to delay action, until a reward be offered or until their demand for security (as in the instant case) be complied with. 9 Cyc. p. 481, and cases cited.

It can hardly be contended that the ends of justice would not meet signal defeat if prosecutors were generally required to execute an undertaking for the payments of the costs of the prosecution, as a condition to action by the proper officers of the law. For this very reason, we apprehend, the Legislature has made the express provision existing for the payment of costs in cases like the present, hereinbefore quoted.

McCOY, P. J. [1] Plaintiff's complaint, in substance, alleges that defendant Ed. J. Burstad made complaint in due form of law before a justice of the peace of McCook county charging one Schmidt with having committed the crime of rape upon a daughter of said defendant under the age of 18 years; that said Schmidt was then in the state of California, and said defendant requested the state's attorney of said county to procure a requisition for the return of said Schmidt to this state, to the end that he fight be prosecuted for said criminal offense; that thereupon the said state's

attorney informed defendants that ,if said Schmidt were so returned, it would not result in a prosecution, but in the marriage of the daughter of defendants to said Schmidt, and that said Schmidt could not be prosecuted without the evidence of the daughter, and that he would not proceed in the matter of procuring said requisition, unless security for costs were given to save the said county harmless from costs and expenses, whereupon defendants executed an undertaking in due form of law agreeing to pay all costs and expenses of said requisition in case the said Schmidt was brought back for trial and a marriage should take place between him and said daughter of defendants; that at the time of the execution of said undertaking and as an inducement to said state's attorney to incur the expense of said requisition the said defendants represented that said daughter was enceinte by said Schmidt, and that they had full control of said daughter, and that they would not consent to her marriage with said Schmidt; that thereafter the said requisition was procured, and said Schmidt returned to the state of South Dakota, and a preliminary hearing had before said justice of the peace, and said Schmidt held and bound over by undertaking to appear at the next term of the circuit court to be held in and for said county; that at the next term of the circuit court said state's attorney made and filed an information against said Schmidt, charging him with the crime of rape, and that before the trial of said action, and after all the costs and expenses of said requisition had been incurred, the defendants wrongfully and unlawfully consented to said marriage of their daughter to said Schmidt, and that said marriage could not have taken place without the consent of defendants, the said daughter then being a minor under the age of 18 years; that defendants well knew that said prosecution could not proceed without the evidence of said daughter; that the attorneys for said Schmidt notified said state's attorney that they would object to the evidence of said daughter, she then being the wife of Schmidt, and that the said state's attorney was compelled to dismiss said prosecution; that plaintiff, said county, necessarily paid out and expended in the procuring of said requisition and the returning of said Schmidt to this state the sum of $324.50, no part of which has ever been repaid by defendants to plaintiff, although having been requested so to do.

To this complaint the defendants interposed a demurrer on the ground, among others, that it did not state facts sufficient to constitute a cause of action against defendants or either of them. The court sustained the demurrer, and plaintiff duly excepted, and now urges the said ruling of the court as error. We are of the opinion the learned trial court ruled correctly. There is nothing in the complaint to show that the said charge against Schmidt was malicious or without probable cause, so as to bring the giving of such undertaking within the provisions of the statute of this state with reference to the giving of security for costs by the prosecutor in criminal cases. Section 145, Code Crim. Pr.; section 117, Justice Code.

[2] The said undertaking was a contract wholly without consideration. It was commendable on the part of the state's attorney to save his county from all unnecessary expense in the matter of criminal cause, but nevertheless, under the facts of this case, it was his plain duty to have procured said requisition and the return of said Schmidt without requiring defendant to execute said undertaking. Contracts given under such circumstances are generally held to be without consideration. 9 Cyc. 347; 11 Cyc. 287. The consent of defendants to the marriage in question, instead of being wrongful and unlawful, was commendable. It saved the daughter from shame and humiliation, and made legitimate her child. It also saved the county the further expense of the prosecution.

The order and judgment appealed from is affirmed.